UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-23088-CIV-HOEVELER

LEO DESMOND, individually and on
behalf of all others similarly situated,

    Plaintiffs,

v.

CITIMORTGAGE, INC.,

    Defendant.

_____/

## ORDER DENYING MOTION FOR REMAND

This Cause comes before the Court on Plaintiffs' Motion For Remand. Defendant filed a response, to which Plaintiff filed no reply. Plaintiffs filed this case in state court; Defendant was served with the Complaint on July 25, 2012, and removed this action to this Court on August 24, 2012. Defendant filed an Answer and Affirmative Defenses on August 31, 2012, to which Plaintiffs filed a response. Plaintiffs subsequently filed a motion seeking remand, arguing that Defendant had not established a basis for exercise of federal jurisdiction because Defendant had not proven "to a legal certainty" that the potential damages in this case exceed $5,000,000, the jurisdictional threshold pursuant to 28 U.S.C. § 1332 (d)(2) ("district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"). Defendant responded in opposition, arguing that it had established a basis for removal under the "preponderance of the evidence" standard and that such

standard applied because Plaintiffs' Complaint seeks unspecified damages.

Plaintiffs' Complaint alleges that Defendant has violated Fla. Stat. § 934.01 *et seq.*, by recording Florida customers' telephone conversations without consent. Plaintiff Leo Desmond asserts that he represents a class of "himself and all other Florida consumers injured by the Defendant's violations" of that statute. He specifically claims to represent "all Florida consumers whose calls to and from the Defendant were recorded without their informed consent ... from July 19, 2010 until present." Although Plaintiffs do not specify the number of class members, they indicate that Defendant "is the mortgage lender for tens of thousands of borrowers in the state of Florida."[1] Plaintiff Desmond says that he is "informed and believes that the proposed class encompasses several thousand members, at a minimum."

Plaintiffs allege that their claims arise from "the same course of conduct and routine practice" by Defendant, that "Defendant routinely makes collection calls to their Florida customers without informing them that the calls are being recorded," and that Defendant's "conduct was uniform to all class members." Specifically, Plaintiffs allege that Defendant utilizes equipment "to record each and every incoming and outgoing telephone conversation." Thus, Plaintiffs' Complaint clearly alleges that the class will include several thousand members, each of whom was subject to the alleged unauthorized recording.

Plaintiffs allege that they are entitled to "their statutory remedies and

---

[1] These mortgages apparently were not issued solely as to properties in Florida, as Plaintiff Desmond's mortgage was related to a property in New Jersey.

damages including but not limited to those set forth in Section 934.27, Florida Statutes." Statutory damages are at least $1,000 per incident, see Fla. Stat. § 934.27. Plaintiffs also seek "any other damages allowed by law" and an order awarding attorneys' fees and costs pursuant to Fla. Stat. § 934.10. Plaintiffs have not plead a specified amount of damages, nor have Plaintiffs estimated the amount of attorneys' fees which might be awarded if Plaintiffs are successful - such amounts must be considered when assessing the amount in controversy. Cohen v. Office Depot, 204 F.3d 1069, 1079 (11th Cir. 2000).

When a plaintiff does not seek a specified amount of damages, the removing defendant bears the burden of proving, by a preponderance of the evidence, that federal jurisdiction is proper. See, e.g., Leonard v. Enterprise Rent A Car, 279 F. 3d 967, 972 (11th Cir. 2002); Cohen v. Office Depot, 204 F.3d 1069, 1079 (11th Cir. 2000). Plaintiffs' allegation in the Complaint that "upon present information and belief' damages will be less than $5,000,000 in the aggregate" is insufficient to overcome Defendant's argument and proffered evidence in favor of removal. It is clear that Plaintiffs themselves anticipate a class of at least several thousand members. Indeed, Plaintiffs do not dispute the evidence proffered by Defendant that it has made "well in excess of 5,000 outgoing phone calls to customers with accounts in the State of Florida" and that there may be additional calls which would be at issue if customers with accounts outside Florida, but as to which one party to the call was physically located in Florida at the time of the call, are included. And, of course, because Plaintiffs complain about calls made to Defendant, in addition to

3

calls made by Defendant, additional calls, i.e., the incoming calls, would be at issue.

In summary, the Court finds that removal was proper. Based on the above, it is

ORDERED AND ADJUDGED that the Plaintiffs' Motion to Remand is DENIED.

DONE AND ORDERED in Chambers in Miami this 24 day of May 2013.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

Copies furnished: counsel of record