**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 12-23088-CIV-SEITZ-GOODMAN**

LEO DESMOND,

      Plaintiff,

vs.

CITIMORTGAGE, INC.,

      Defendant.

_____/

## REPORT AND RECOMMENDATIONS ON DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS FROM PLAINTIFF'S COMPLAINT

This matter is before the Undersigned on the District Court's referral [ECF No. 29] of Defendant CitiMortgage, Inc.'s Motion to Strike Class Allegations from Plaintiff's Complaint (the "Motion") [ECF No. 28]. The Undersigned has reviewed the Motion, Plaintiff Leo Desmond's Memorandum in Opposition to the Motion [ECF No. 44], Defendant's Reply [ECF No. 47], and the other pertinent portions of the record. For the reasons outlined below, the Undersigned **respectfully recommends** that the Motion be **DENIED**.

## I. JURISDICTION

This Report begins with a brief note about jurisdiction (i.e., whether the Undersigned's ruling should be in the form of an order, as opposed to a report and recommendations). To be sure, "it is well settled that motions to amend or strike pleadings are non-dispositive motions that may be referred and ruled upon by a magistrate judge by order unless they have a dispositive effect." *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608, 2007 WL 2412834, at *5 n. 1 (S.D. Fla. Aug. 21, 2007). Although the motion here is one to "strike," the Undersigned concludes for several reasons that a **report and recommendations is the more-appropriate form of decision**.

First, 28 U.S.C. § 636(b)(1)(A) provides that a magistrate judge may hear and determine "any pretrial matter pending before the court, **except** . . . to dismiss or to permit maintenance of a class action." (emphasis added). The instant motion to strike class allegations is analytically akin to a motion to permit maintenance of a class action, which is in the category of excepted matters. Second, magistrate judges who do not have full consent frequently enter reports and recommendations on class action certification issues. *See, e.g., Cohen v. Implant Innovations, Inc.*, 259 F.R.D. 617 (S.D. Fla. 2008); *Garris v. Gianetti*, 160 F.R.D. 61 (E.D. Pa. 1995). Third, magistrate judges have jurisdiction to rule on motions seeking **conditional** class certification but lack authority (in the absence of full consent) to authorize *final* class certifications. *Poreda v. Boise Cascade, LLC*, 532 F. Supp. 2d 234 (D. Mass. 2008). Finally, where a motion to strike is

2

actually requesting what equates to case-dispositive relief, it is, in essence, a dismissal application that is beyond the magistrate judge's power to determine. *See Lancer Arabians, Inc. v Beech Aircraft Corp.*, 723 F. Supp. 1444 (M.D. Fla. 1989) (construing a Magistrate's order on a motion to strike as a recommendation when the movant conceded that its "motion to strike" was actually a dismissal application directed at certain damages claims).

## II. BACKGROUND

Plaintiff brought this action against Defendant in state court for alleged violations of the Florida Security of Communications Act ("FSCA"), which prohibits a person from "[i]ntentionally intercepting, [or] endeavor[ing] to intercept, . . . any wire, oral, or electronic communication" unless "all parties to the communication have given prior consent." [ECF No. 1-2 (quoting Fla. Stat. §§ 934.03(1)(a), (2)(d))]. In addition to Plaintiff's personal allegations of having received four collection calls that Defendant allegedly recorded without his consent, Plaintiff also purports to bring suit on behalf of a putative class of "all Florida consumers whose calls to and from [CitiMortgage] were recorded without their informed consent . . . from July 19, 2010 until present." [*Id.* at pp. 6-7].

Defendant moves to strike the class allegations from the complaint because it contends that Plaintiff's putative class cannot be certified under Federal Rule of Civil

Procedure 23 for several reasons. In moving to strike on these grounds, Defendant asks the Court to evaluate the *merits* of the class allegations under the rubric of Rule 23 before any discovery has been undertaken. Plaintiff contends that it is inappropriate for the Court to consider the merits of the class allegations in a motion to strike. Alternatively, Plaintiff contends that the putative class is certifiable.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 23 governs class action matters, and so "[f]or a district court to certify a class action, the named plaintiff must have standing, and the putative class must meet each of the requirements specified in [Rule] 23(a), as well as at least one of the requirements set forth in Rule 23(b)." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009) (internal quotations omitted). In the present matter however, Plaintiff has not yet filed a motion to certify class, nor has Defendant filed a motion to dismiss. Instead, the Undersigned is presently faced with a ***motion to strike***, which is governed by Federal Rule of Civil Procedure 12(f). Rule 12(f) states, in pertinent part: "**Motion to Strike**. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis in original). The class action allegations are surely not "an insufficient defense," so, assuming that a Rule 12(f) standard is the one to use, the instant motion

could prevail here only if the class allegations are deemed redundant, immaterial, impertinent or scandalous.

Defendant contends that the Court is obligated to rule on the merits of the class allegations at this early stage of the litigation on account of the "plain text of Rule 23," which states that "[i]n conducting an action under this rule, the court may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons[.]" [*See* ECF No. 47, p. 3 (quoting Fed. R. Civ. P. 23(d)(1)(D))]. In addition, Defendant notes that Rule 23 also requires that class certification decisions be made "[a]t an early practicable time." [*See id.* (quoting Fed. R. Civ. P. 23(c)(1)(A))]. The 11th Circuit further recognizes that "Rule 23 demands an early consideration of class certification[.]" *Vega*, 564 F.3d at 1279.

While Defendant's assertions about **Rule 23** are entirely correct,[1] it presents no *binding* authority confirming the propriety of evaluating the merits of class allegations specifically in a *motion to strike*. Defendant has called to the Court's attention two out-of-circuit cases and *non-binding* district court authority suggesting that class allegations can be evaluated on their merits (and then stricken) in a motion to strike. *See Pilgrim v. Universal Health*, 660 F.3d 943, 949 (6th Cir. 2011) (affirming motion to strike class

---

[1]     The Undersigned notes that Defendant did present authority that class allegations can be ruled upon before a motion to certify is filed and that Rule 23 "demands an early consideration of class certification." *See e.g. Vega,* 564 F. 3d at 1279; *MRI Assocs. of St. Pete v. State Farm Mut. Auto Ins. Co.*, 755 F. Supp 2d 1205 (M.D. Fla. 2010); *Stan Smith v. Network Solutions, Inc.*, 135 F. Supp. 2d 1159 (N.D. Ala. 2001).

allegations under Rule 23 standard); *In re Katrina Canal Breaches Litig.*, 401 Fed. App'x 884 (5th Cir. 2010) (granting motion to strike); *Vandenbrink v. State Farm Mut. Auto Ins. Co.*, No. 8:12-cv-897, 2012 WL 3156596, at *3 (M.D. Fla. Aug. 3, 2012) (granting motion to strike class allegations under Rule 23 standard).[2]

Plaintiff, however, directs the Court to non-binding district authority **rejecting** the notion that a motion to strike class allegations is to be evaluated on the merits under the Rule 23 standard. *See Gill-Samuel v. Nova Biomedical Corp.*, 298 F.R.D. 693, 700 (S.D. Fla. 2014) (Rosenbaum, J.) (deeming it proper to "view the Rule 23 factors through the lens of the Rule 12(f) standard for motions to strike"). Plaintiff also directs the Court to nearly thirty other cases from district courts in the 2nd, 3rd and 9th Circuits that purport to support his contention that it is premature to analyze class allegations on their merits in a motion to strike. [*See* ECF No. 44, pp. 3-5].

Moreover, in *James D. Hinson Elec. Contracting Co. v. AT&T Servs., Inc.*, No. 3:13-cv-29-J-32JRK, 2014 WL 1118015, at *5 (M.D. Fla. Mar. 20, 2014), the court noted that potential barriers to certification pointed out by the defendant in a motion to strike class allegations "may fall away or at least become more manageable" after discovery, denied

---

[2]      The Court notes that *MRI*, a case on which Defendant also relies, does not bolster the argument that a court may grant a motion *to strike* class allegations under the Rule 23 standard. The Undersigned's review finds that the *MRI* court actually evaluated a motion *to dismiss* the complaint, not a motion *to strike* class allegations. *Id.* at 1210-11. Therefore, *MRI* does not support the notion that a motion to strike class allegations should be decided under the Rule 23 legal standard or that a motion to strike class allegations is the appropriate procedural tool to assess the merits of class allegations.

the motion to strike class allegations and explained that it would decide whether to certify a class "on a more fully developed record." *See also Oginski v. Paragon Props. of Costa Rica, LLC,* No. 10-21720-CIV, 11-60647, 2011 WL 3489541, at *3 (S.D. Fla. Aug. 9, 2011), where the Court noted that arguments attacking class allegations "are better suited to an opposition to a motion for class certification, rather than as a basis for a motion to dismiss."

*Gill-Samuel* is the only case presented to the Court from within the 11th Circuit that actually discusses the Rule 12(f) legal standards in association with a motion to strike class allegations.

While there is case law to support the view that class allegations may be dismissed or otherwise ruled upon before discovery or a plaintiff's motion to certify,[3] it does not necessarily follow that the presence of class allegations in a motion to strike somehow alters Rule 12(f)'s clear legal standard for striking material from a pleading. In this respect, the Undersigned finds *Gill-Samuel* to be logical and persuasive. Another district court in this circuit recently agreed. *See Bohlke v. Shearer's Foods, LLC,* No. 9:14-

---

[3]      Nevertheless, as noted above, there is also ample contrary authority suggesting that such a motion asks a court to "preemptively terminate the class aspects of this litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery for which they would otherwise be entitled on questions relevant to class certification." *Romano v. Motorola, Inc.,* No. 07-CIV-60517, 2007 WL 4199781 (S.D. Fla. Nov. 26, 2007) (denying motion to dismiss class action complaint which challenged the sufficiency of the class allegations) (citing *Bryant v. Food Lion, Inc.,* 774 F. Supp. 1484, 1495 (D.S.C. 1991) (denying a **defendant's** motion for **denial** of class certification -- a motion the Undersigned equates to the motion to strike class allegations)).

CV-80727, 2015 WL 249418, at *1-2 (S.D. Fla. Jan. 20, 2015) (citing *Gill-Samuel*, 298 F.R.D. at 698-700) (declining to consider Rule 23's requirements when evaluating a motion to strike class allegations, and instead applying the Rule 12(f) standard).

In *Gill-Samuel*, the district court rejected the defendant's request to analyze the motion to strike class allegations entirely under the rubric of a Rule 23 motion, and instead deemed it "proper . . . to view the Rule 23 factors through the lens of the Rule 12(f) standard for motions to strike[,]" such that the "proper inquiry upon [defendant's] motion is whether Plaintiff's class allegations are 'redundant, immaterial, impertinent, or scandalous.'" 298 F.R.D. at 700 (quoting Fed. R. Civ. P. 12(f)).

In *Vandenbrink*, a district court in the Middle District of Florida struck class allegations from a plaintiff's complaint while addressing only the Rule 23 legal standards. 2012 WL 3156596, at *3. The *Vandenbrink* court did not discuss which standard it used to *strike* the class allegations in the complaint; rather that court ruled without any mention of Rule 12(f). The Undersigned finds this absence of discussion noteworthy, since it does not explain which specific standard this Court should use here when evaluating a motion to strike class allegations.

The Undersigned also notes that in establishing its authority to rule on class allegations, the *Vandenbrink* court cited to *MRI* and *Smith* for the notion that "[w]here the propriety of a class action procedure is plain from the initial pleadings, a district court may rule on the issue prior to the filing of a motion for class certification." *Id.*

(citing *MRI*, 755 F. Supp. 2d at 1207; *Smith*, 135 F. Supp. 2d at 1159). It is noteworthy that both *MRI* and *Smith* do not involve motions to **strike** class allegations, but rather *MRI* features a motion to **dismiss**, while *Smith* is a **summary judgment** motion that the court ruled on before the motion to certify class. Because none of these cases from within the 11th Circuit discuss the proper standard for ruling on a motion to strike class allegations, the Undersigned is not convinced of their applicability to establishing the legal standard in the present matter.

Accordingly, the Undersigned concludes that the proper standard of review for a motion to strike class allegations is, in accordance with *Gill-Samuel*, "to view the Rule 23 factors through the lens of the Rule 12(f) standards for motions to strike[,]" and so, "[a]s a result, the proper inquiry upon [defendant's] motion is whether Plaintiff's class-action allegations are 'redundant, immaterial, impertinent, or scandalous.'" 298 F.R.D. at 700 (quoting Fed. R. Civ. P. 12(f)).

**IV. ANALYSIS**

The Court finds nothing redundant, immaterial, impertinent, or scandalous about allegations defining a class of "all Florida consumers whose calls to and from [CitiMortgage] were recorded without their informed consent . . . from July 19, 2010 to the present." [ECF No. 1-2, pp. 6-7]. As such, the Undersigned **respectfully recommends** that the Motion to Strike Class Allegations be **DENIED**.

The Undersigned further notes that, just as in *Gill-Samuel*, Defendant did not file a motion to dismiss targeting the purported deficiencies with the class allegations. The Court finds this omission significant, as it significantly distinguishes the present matter -- just as it was significantly distinguished in *Gill-Samuel* -- from much of the authority cited by Defendant to persuade the Court to rule on the merits of the class allegations at this stage.

Had Defendant filed a motion to dismiss, then the Rule 12(f) standard would not have come into play. Accordingly, just as in *Gill-Samuel*, the Undersigned voices no opinion on what the recommendation would have been had Defendant filed a motion to dismiss the class action complaint. Likewise, the Undersigned offers no opinion on whether a motion to dismiss class action allegations before Plaintiff takes any discovery is a permissible strategy (in general) in this Circuit or District or whether it would be appropriate for the instant case (in particular).

**V. OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the Parties have **14** days after being served with a copy of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each Party may file a response to the other Party's objection within **7** days of the objection. Failure to file timely objections shall bar the Parties from a de novo determination by the District

Court of an issue covered in this Report and Recommendations and bar the Parties from attacking on appeal the factual findings contained herein. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citing *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988)).

**Respectfully recommended** in Chambers, in Miami, Florida, on January 23rd, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>**Copies furnished to**</u>:
Hon. Patricia A. Seitz
All Counsel of Record