UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 1:12-cv-23088-SEITZ

LEO DESMOND, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

CITIMORTGAGE, INC.,

      Defendant.
_____/

## ORDER AFFIRMING RECOMMENDATION AND DENYING MOTION TO STRIKE

THIS matter is before the Court on the Report and Recommendations on Defendant's Motion to Strike Class Allegations from Plaintiff's Complaint [DE-50] and Defendant's Objections [DE-51]. Defendant moved to strike Plaintiff's class allegations. The prior judge on the case referred the motion to Magistrate Judge Jonathan Goodman. Magistrate Judge Goodman's Report and Recommendations (R&R) recommend that the Motion to Strike the Class Allegations from Plaintiff's Complaint [DE-28] be denied because the class allegations are not redundant, immaterial, impertinent or scandalous, as required by Federal Rule of Civil Procedure 12(f). Defendant objects to the application of Rule 12(f), arguing that the Motion to Strike should be governed by Rules 23(c)(1)(A) and 23(d)(1)(D). Regardless of which standard the Court applies, the Motion to Strike must be denied.

### The Report

The R&R found that no Eleventh Circuit case has addressed the issue of what standard should apply to a motion to strike class allegations and the district courts that have addressed the issue have split over which standard to apply. After consideration of the parties' arguments and

the cases, the R&R concluded that a motion to strike should be governed by Federal Rule of Civil Procedure 12(f), not Rule 23. The Report then concluded that Rule 12(f) does not support striking the class allegations because the allegations were not redundant, immaterial, impertinent, or scandalous. Defendant does not object to this finding but to the application of the Rule 12(f) standard to its motion.

### The Objections Are Overruled

Defendant objects to the R&R on two grounds: (1) the R&R applied the incorrect standard of review and (2) the correct standard of review requires the Court to evaluate the possibility of class certification even before a motion for class certification has been filed. As the R&R noted, there is nothing in Rule 23 that clearly indicates that a motion to strike class allegations should be considered using a standard different than the standard set out in Rule 12(f). Further, even if the R&R had applied the standard sought by Defendant, the outcome would be the same – denial of Defendant's motion.

As noted by Judge King in *Oginski v. Paragon Properties of Costa Rica, LLC*, 2011 WL 3489541, *3 (S.D. Fla. 2011):[1]

> Dismissal at this stage is an extreme remedy appropriate only where a defendant demonstrates "from the face of [the] complaint that it will be impossible to certify the classes alleged by the plaintiff[ ] regardless of the facts the plaintiff[ ] may be able to prove." *Romano v. Motorola, Inc.*, 2007 WL 4199781, at *2 (S.D. Fla. Nov. 26, 2007) (quoting *Bryant v. Food Lion, Inc.*, 774 F. Supp. 1484, 1495 (D.S.C.1991)). "To dismiss Plaintiff[s'] class allegation before discovery would be an acknowledgment by this Court that class certification is impossible." *Id.* at *3 (declining to dismiss class allegations at

---

[1] While the motion in *Oginski* was a motion to dismiss, the same considerations apply here since Defendant's motion, although titled otherwise, seeks dismissal of the class allegations. Thus, the result would be the similar. Further, unlike granting a motion to dismiss, which can allow for repleading, granting a motion to strike is more definitive and does not allow for repleading.

2

motion to dismiss stage). Defendants' arguments related to Plaintiff class allegations are better suited to an opposition to a motion for class certification, rather than as a basis for a motion to dismiss.

Based on the allegations in the complaint, it is not clear from the face of Plaintiff's complaint that it will be impossible to certify a class.

First, Defendant asserts that the class is not ascertainable because determining consent requires individualized inquiries. However, the complaint alleges that Defendant did not notify class members or ask for consent. Thus, from the face of the complaint, consent is a defense. Consequently, the burden is not on Plaintiff to establish who did and who did not consent because Plaintiff has pled circumstances under which no one could consent. Defendant also argues that the class is not ascertainable because the class is limited to phone calls to individuals where one party was physically located within the state of Florida. Defendant maintains that such an inquiry is too individualized, primarily because a person with a cell phone could be anywhere at the time of the call. However, if this is a problem, it might be eliminated by restricting the class members to those who received calls on land-lines.

Second, Defendant argues that the putative class cannot satisfy Rule 23(a) because Plaintiff has not adequately pled the elements of Rule 23(a): numerosity, commonality, and typicality. However, Defendant did not move to dismiss under Rule 12(b)(6). On the face of the complaint, Plaintiff has pled each of these elements. Whether Plaintiff can establish them for class certification remains to be seen. Nonetheless, it is not clear from the face of the complaint that it will be impossible for Plaintiff to establish these elements at the class certification stage.

Third, Defendant argues that the putative class cannot satisfy either Rule 23(b)(2) or 23(b)(3). Defendant maintains that Plaintiff cannot satisfy Rule 23(b)(2) because monetary

3

damages predominate. However, at this stage of the proceedings that is not clear. Further, Plaintiff is entitled to plead in the alternative. Defendant contends that Plaintiff cannot satisfy Rule 23(b)(3) because the consent issue and another defense, the business use exception, require individualized proof, thus, making it impossible for Plaintiff to satisfy the predominance requirement. Defendant also contends that Plaintiff will not be able to satisfy the superiority requirement. Again, looking at the face of the complaint and the actual allegations pled, it is not clear that it will be impossible for Plaintiff to establish these elements at the class certification stage.

Thus, the Court declines to make a class certification determination without the filing of a formal motion for class certification. However, Plaintiff should be prepared to address the issues raised in the motion to strike in any future motion for class certification. Further, a review of the complaint indicates that this case can be put on a more expedited trial schedule than that proposed by the parties. Thus, the a Rule 16(b) conference is set for March 12, 2015. Accordingly, it is

ORDERED that:

1. The Report and Recommendations on Defendant's Motion to Strike Class Allegations from Plaintiff's Complaint [DE-50] is AFFIRMED and ADOPTED as to the Recommendation that Defendant's Motion be denied.

2. Defendant's Motion to Strike the Class Allegations from Plaintiff's Complaint [DE-28] is DENIED.

3. By **March 1, 2015** the parties will exchange Rule 26(a)(1) disclosures and provide courtesy copies of the disclosures to the Court.

3. A Federal Rule of Civil Procedure 16(b) scheduling and planning conference is set for **March 12, 2015 at 2:00 p.m.** The purpose of the conference is:

    a. To set pretrial deadlines;

    b. To determine the scope of discovery

    c. Ensure that discovery requests are narrowly tailored to achieve their objectives and to comply with the dictates of Federal Rule of Civil Procedure 1; and

    d. To ensure that this case proceeds on an expedited basis.

DONE AND ORDERED in Miami, Florida this 24th day of February, 2015.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record